O’NIELL, J.
Defendant, appellee, moves to dismiss this appeal for want of jurisdiction. The suit is for $50, for an “additional license tax,” alleged to be due for carrying on the business of retail merchant in the year 1919. The suit was dismissed on a plea of estoppel, on the allegation and proof that the tax collector had already sued defendant for a license tax of $25 for the same business for the same year, and that defendant had thereupon paid the tax and obtained his license.
The constitutionality or legality of the tax now claimed was not contested in the district court, and is not contested here. The plea of estoppel did not — -any more than a plea of payment would — present the question of constitutionality or legality of the tax. This court has not jurisdiction of a suit to collect a tax unless the constitutionality or legality of the tax is in contestation, or the amount in dispute exceeds $2,000, exclusive of interest. Const, art. 85.
Counsel for appellant contends that the' judgment appealed from is contrary to two statutes, viz.: Act No. 148 of 1906, p. 252, and Act No. 198 of 1914, p. 379. Section 1 of the act of 1906, entitled an act “to provide a prescription for licenses and for additional licenses,” etc., declares that all claims for licenses and additional licenses, exclusive of claims for licenses or additional licenses for the current year, shall be prescribed by three years, and that no action or inaction of the state, or of a municipality or parish, shall stop or prescribe or debar its right to proceed for licenses or additional licenses before the day of prescription shall begin. Section 1 of the act of 1914, enlarging and defining the powers and duties of the supervisor of public accounts, makes it his duty to inspect the affidavits made by applicants for state and parish licenses, and ascertain the names of those who have paid no licenses, or of those who have paid too small an amount, and to have the unpaid or additional licenses collected for the current year and back years, not exceeding three years. As the district judge did not give a written opinion or written reasons for the judgment he rendered, we do not know why he did not consider the statutes of 1906 and 1914 a sufficient reason for overruling the plea of estoppel. The constitutionality of the statutes was not questioned. If the court had declared either of the laws unconstitutional, this court would have jurisdiction of an appeal from the judgment, under an express provision in article S5 of the 'Constitution, giving this court appellate jurisdiction in all cases wherein a statute of the state has been declared unconstitutional. But that is not the case. It will not do to confuse the question whether the court has jurisdiction of the appeal with the question whether the judgment appealed from is correct.
Our conclusion being that the case is not within the appellate jurisdiction of the court,
The appeal is dismissed.